IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORRIS SKINNER, | § | |
| (TDCJ-CID #617857) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-3769 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Norris Skinner, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2011 state felony conviction for forgery of a government instrument. The respondent moved for summary judgment, (Docket Entry No. 21), with a copy of the state-court record. (Docket Entries Nos. 18 & 20). Skinner filed a response. (Docket Entry No. 27). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

## I.    Background

In Cause Number 1241923, Skinner was indicted for forging a Texas driver's license, which is a government instrument. The indictment contained two enhancement paragraphs alleging prior felony convictions for theft and unauthorized use of a motor vehicle. (Docket Entry No. 18-19, p. 26). In Cause Number 1277483, Skinner was also indicted for forging a government instrument, a federal government-issued social security card. The indictment also contained two enhancement

paragraphs alleging Skinner's prior felony convictions for theft and unauthorized use of a motor vehicle.

Skinner pleaded guilty in state court to Cause Number 1241923, forgery of a government-issued driver's license.  On January 24, 2011, the court sentenced Skinner to a three-year prison sentence.  The First Court of Appeals of Texas dismissed Skinner's appeal for want of jurisdiction on June 28, 2012.  The Texas Court of Criminal Appeals refused Skinner's petition for discretionary review on May 13, 2009.

Skinner filed an application for state habeas relief on April 26, 2011.  The Texas Court of Criminal Appeals denied the application without written order, on findings of the trial court, without a hearing, on April 4, 2012.  (Docket Entry No. 18-17, p. 2).  Skinner filed an additional state habeas application requesting permission to file an out-of-time petition for discretionary review.  (Docket Entry No. 18-22, pp. 8-20).  He also filed another state habeas application in which he asserted actual innocence.  (Docket Entry No. 18-25, pp. 7-21).  On November 7, 2012, the Texas Court of Criminal Appeals dismissed both applications, without written order.  (Docket Entry No. 18-22, p. 2; Docket Entry No. 18-25, p. 2).

On December 28, 2012, this court received Skinner's federal petition.  Skinner contends that his conviction is void for the following reasons:

(1)    he did not enter his guilty plea voluntarily because he entered his guilty plea in Cause Number 1241923 and obtained the dismissal of Cause Number 1277483, while the plea agreement called for him to plead guilty in Cause Number 1277483 in exchange for the dismissal of Cause Number 1241923;

(2)     there is no evidence to support the indictment charging the offense to which Skinner

        pleaded guilty;

(3)     trial counsel, Randy Martin, rendered ineffective assistance by "mixing up the

        paperwork in the plea bargain process," so that Skinner entered his plea in the wrong

        cause number;

(4)     the state court lacked "jurisdiction" because Skinner's federal due process rights were

        violated; and

(5)     Skinner's federal due process rights were violated.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7, 12-17).

## II.     The Applicable Legal Standards

Skinner's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996

(AEDPA).  Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions

of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the

merits."  An adjudication on the merits "is a term of art that refers to whether a court's disposition

of the case is substantive, as opposed to procedural."  *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir.

2000).

The AEDPA provides as follows, in pertinent part:

> (d)  An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)

(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if (1) it unreasonably applies the correct legal rule to the facts of a particular case, or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. The test is whether the state court's application of Supreme Court precedent was objectively unreasonable. *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). Fact findings by the state court are "presumed to be correct . . . and [receive] deference . . .

unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1)'s requirement that a state court's fact findings are presumed to be correct overrides the ordinary rule that for the purpose of summary judgment, disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, these findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Because Skinner is proceeding *pro se,* his habeas petition is construed liberally and not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Skinner's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.    The Record

The record shows that on January 24, 2011, Skinner appeared in open court and entered a plea of guilty. (Docket Entry No. 18-19, pp. 17-18). The court admonished Skinner, in writing, as to the nature of the offense charged – forgery of a government instrument on November 19, 2009 – and the punishment range. Skinner signed a document entitled "PLEA ADMONISHMENTS," which listed nine separate items. Skinner placed his initials beside each of the nine admonishments.

The document stated that the range of punishment for the offense of forgery of a government instrument was imprisonment for a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000; if enhanced with one prior felony conviction, a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.  (Docket Entry No. 18-19, p. 19).

Skinner placed his initials next to, thereby acknowledging the waiver of, the following rights:

> 3.     PERMISSION TO APPEAL:  If the punishment assessed by the Court does not exceed the punishment recommended by the prosecuting attorney and agreed to by you and your attorney, the Court must give its permission to you before you can appeal any matter in the case, except for matters that were raised by written motion filed prior to trial.

> 4.     CITIZENSHIP:  If you are not a citizen of the United States of America, a plea of either Guilty or Nolo Contendre[sic] (No Contest) for this offense may result in your deportation, or your exclusion from admission to the country, or the denial of your naturalization under applicable federal law.

> 5.     DEFERRED ADJUDICATION:  If the Court defers adjudicating your guilt and places you on community supervision, upon any violation of any imposed condition of your community supervision, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the Court of whether or not to proceed with the adjudication of your guilt on the original charge. . . .

> 6.     WAIVER OF PRE-SENTENCE REPORT:  As the Defendant accused of a felony criminal offense in the above-captioned cause of action I have consulted with my attorney, whose name is signed below, regarding the application of Article 42.12(9)(a) of the Texas Code of Criminal Procedure to my case which provides that, prior to imposition of sentence by the Court, the Court shall direct a community supervision officer to report to the Court in writing on the circumstances of the offense with which I am charged, including my

criminal history, if any, and my social history. I understand that the Court is not required to order such a report if the only available punishment is imprisonment, unless I request that such a report be made. I hereby do knowingly and voluntarily waive my right to the preparation of a report by a community supervision officer and expressly request that such a report not be prepared, except as may otherwise be required by law.

7.     DRIVER'S LICENSE: Your driver's license may be suspended as a result of the disposition of this case. . . .

8.     . . . I fully understand the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, and that I am aware of and fully understand the consequences of my plea. I waive the right to have the Court admonish me orally. . . . I further state that I am mentally competent, that I fully understand the nature of the charges against me, and that my plea is freely, knowingly, and voluntarily entered. . . . I waive and give up under Article 1.14 of the Texas Code of Criminal Procedure any and all rights given to me by law whether of form, substance, or procedure. . . . I consent to the oral and written stipulations of evidence in this case.

9.     JUDICIAL CONFESSION: I hereby state that I have read or have been read the indictment or information filed in this case, and I confess and admit that I committed each and every allegation contained therein. I state that I am guilty of the offense alleged, as well as any and all lesser included offenses. I hereby swear to all the foregoing[.]

(Docket Entry No. 18-19, pp. 20-22).

Skinner also signed a document entitled, "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION." By his signature, Skinner waived his constitutional rights, stating:

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, NORRIS

SKINNER, hereafter styled the Defendant, on or about NOVEMBER 19, 2009, did then and there unlawfully, and with intent to defraud and harm another, forge a writing, namely a government instrument issued by the United States, attached hereto as Exhibit A, which purported to be the act of another who did not authorize that act, by possessing it with intent to utter it, and while knowing it was forged. . . .

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on November 19, 2009.

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 3 years TDC and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

(Docket Entry No. 18-19, pp. 17-18).

In his affidavit to the state habeas court, Martin, Skinner's trial counsel, testified as follows:

I was appointed to represent Norris Skinner, in cause number 1241923 and 1277483 in the 351st District Court of Harris County, Texas.

I recall representing Mr. Skinner, and I have also reviewed my file to refresh my recollection to assist in the preparation of this affidavit.

Mr. Skinner was charged in two indictments with forgery of a government instrument. Both cases were, however, enhanced with two prior felony convictions, which meant that each carried a punishment range of 25 years to life.

I thoroughly reviewed the State's files, requested the police offense reports, and obtained a copy of the defendant's video confession and reviewed it. I met with Mr. Skinner on multiple occasions. We

discussed what he was charged with, what the offense report indicated, and the evidence in the cases.

I discovered that Cause number 1241923 was pled as an ". . . instrument issued by the United States . . .," but the instrument in question was in fact a state government issued drivers license. . . . The second case, cause number 1277483, was pled correctly as an ". . . instrument issued by the United States . . .," as the instrument in question was a federal government issued social security card. . . .

I related this [to] Mr. Norris [sic] and discussed with him the possible strategies in proceeding with the case. My position was that I could obtain a dismissal on cause number 1241923 (the state driver's license), because the state could not make that case as pled. Mr. Norris [sic] and I also discussed, and he agreed, that part of the strategy included not filing a motion to quash, but negotiate for a straight dismissal.

I engaged in plea negotiations with the prosecutors in the court.

I related the offers to Mr. Norris [sic] and maintained an open communication channel with him at all times the cases were pending. We continued to discuss the options and the consequences, and I did not proceed to the next stage in the case until Mr. Norris [sic] indicated his clear understanding and I was certain that he understood.

On January 24, 2011, after much negotiation with the State, I received an offer of dismissal on one case, plus a three year confinement on the other. This meant that the State agreed to abandon both of the enhancement paragraphs that made Mr. Norris [sic] a habitual offender. I related this offer to Mr. Norris, [sic] and after discussing with him the options and consequences of these options, he decided to plead guilty.

It is not until the pendency of this writ when I discovered that the paperwork in the plea bargain and the dismissal had been mixed up. And as it stands, the case that was negotiated and agreed to be dismissed was the one that Mr. Norris [sic] pled to. The results are essentially the same. Mr. Norris [sic] still received the same plea bargain: both enhancement paragraphs were abandoned; he received three years confinement on one case and dismissal on the second case.

It is my usual practice to discuss with my clients trial or general strategies at each stage of a case. I did so with Mr. Skinner. I fully discussed with him whether to proceed to trial, plea bargaining, plea negotiations, and motions to quash. After each discussion regarding the stages of the proceeding, Mr. Skinner indicated to me that he had a clear understanding of the terms and consequences of the options presented to him.

I believe that I gave Mr. Skinner effective representation. I believe that Mr. Skinner was fully aware of the nature and consequences of these proceedings, and entered into the guilty plea freely and voluntarily to his own volition.

(Docket Entry No. 18-19, pp. 2-4).

The state habeas court entered the following findings:

1.   The Court finds that the affidavit of Mr. Randy Martin, the applicant's trial counsel, filed in the instant habeas proceeding is credible and that the facts asserted therein are true.

2. The Court finds, based on the credible affidavit of Mr. Martin and the official court documents, that the applicant entered a plea of guilty for the felony offense of forgery of government instrument.

3. Based on the credible affidavit of Mr. Martin and the official court documents, the Court finds that the State abandoned both enhancement paragraphs, and the court assessed punishment at three (3) years confinement in the Texas Department of Criminal Justice.

4. The Court finds, based on the credible affidavit of Mr. Martin and the official court records, that Mr. Martin was appointed to represent the applicant in the primary case.

5. The Court finds, based on the credible affidavit of Mr. Martin and the official court record, that the applicant was originally charged in two (2) indictments with forgery of a government instrument.

6. Based on the credible affidavit of Mr. Martin and the official court record, the Court finds that both to the applicant's original cases were enhanced with two (2) prior felony convictions, which meant that each case carried a punishment range of twenty-five (25) to ninety-nine (99) year[s], or life, confinement.

7. Based on the credible affidavit of Mr. Martin, the Court finds that counsel reviewed the State's file and researched the applicant's case.

8. Based on the credible affidavit of Mr. Martin, the Court finds that counsel had numerous extensive discussions with the applicant regarding both cases.

9. The Court finds, based on the credible affidavit of Mr. Martin, that that[sic] counsel thoroughly discussed the options of the case with the applicant, including general strategies, whether to proceed to trial, and possible plea bargain agreements.

10. Based on the credible affidavit of Mr. Martin, the Court finds that counsel did not induce the applicant to plead guilty, and counsel made sure that the plea of guilty is freely and voluntarily made of the applicant's own volition.

11. Based on the credible affidavit of Mr. Martin, the Court find[s] that counsel believed the indictment in the primary case to be invalid, and discussed with the applicant the strategy to move for a dismissal of the case instead of proceeding with a motion to quash the indictment.

12. Based on the credible affidavit of Mr. Martin, the Court finds that the applicant agreed to move for a dismissal of the primary case instead of proceeding with a motion to quash.

13. The Court finds, based on the credible affidavit of Mr. Martin and the official court documents, that after much negotiation with the State, Mr. Martin obtained a plea offer for the applicant of three (3) years confinement in one (1) case with both enhancement paragraphs abandoned, and a dismissal of the second case.

14. The Court finds, based on the credible affidavit of Mr. Martin, that after thoroughly discussing the options and consequences of each with the applicant, the applicant decided to accept the plea offer and to plead guilty.

15. The Court finds, based on the credible affidavit of Mr. Martin, that it was not until the pendency of the instant writ when counsel realized that the paperwork in the plea bargain and the dismissal had been mixed up. As it stands, the case that was negotiated and agreed to be dismissed was the case that the applicant pled to.

16.  Based on the credible affidavit and the official court records, the Court finds that the applicant essentially received the same plea bargain: both enhancement paragraphs abandoned, the applicant received three (3) years confinement on one case, and dismissal on the second case.

. . . .

22.  The applicant fails to show that trial counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).

23.  The applicant fails to show that had the plea paper work in the primary case and the second forgery case been switched the results of the proceeding would have been different. *See Strickland,* at 686.

24.  The court will not "second-guess through hindsight" the strategy of counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979).

25.  Counsel was entitled to formulate a strategy that was reasonable at the time, and to balance limited resources in accord with effective trial tactics and strategies. *Id.*, at 17 (citing *Knowles* v. *Mirzayance*, 556 U.S. __, __ (2009) (slip op., at 9-10); *Rompilla v. Beard*, 545 U.S. 374, 383 (2005); *Wiggins v. Smith*, 539 U.S. 510, 525 (2003); *Strickland,* at 699).

26.  There is a "strong presumption" that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than "sheer neglect". *Harrington v. Richter*, 562 U.S. __, __ (2011) *slip op.*, at 20 (citing *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (per curiam)).

27.  The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Harrington, slip op. at 20* (citing *Strickland,* at 690).

28. The applicant fails to establish the second prong of *Strickland:* that the likelihood of a different result was substantial, not just conceivable. *Strickland,* at 693.

29. The applicant fails to prove that a motion to quash would have been granted in order to satisfy *Strickland,* or states how the applicant was harmed or prejudiced. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998), citing *Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (unless there is a showing that pre-trial motion had merit and that ruling on motion would have changed outcome of case, counsel will not be ineffective for failing to assert motion); *see also Passmore v. State*, 617 S.W.2d 682, 685 (Tex. Crim. App. 1981).

30. A presumption of voluntariness is created in a plea if the defendant was admonished in accordance with the law, and then the burden of proving that a plea is involuntary shifts to the defendant. *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).

31. When the records indicate that the applicant was admonished, there is a prima facie showing of a knowing and voluntary plea. *Ex parte McAtee,* 599 S.W.2d 335, 336 (Tex. Crim. App. 1980).

32. The applicant has not overcome the presumption of regularity created by these trial court documents. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim, App. 1984).

33. The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel.

34. Section 32.21 together with Section 37.01 of the Texas Penal Code detail the offense of forgery of a Texas driver's license as a third degree felony. *See* TEX. PENAL CODE ANN. § 32.21(e)(2); TEX. PENAL CODE ANN. § 37.01(2)(C)(3). To prove a felony of the third degree the State must not only show that that[sic] the accused "with the intent to defraud or harm another . . . possess[ed] a writing [purporting] to be the act of another, and the other person did not authorize the act," but also show the writing is or purports to be: (1) "part of an issue of money, securities, postage, or revenue stamps"; (2) "a government record . . ."; or (3) "other instruments issued by a state or national government or by a subdivision of either. . . ." *See*

*id.* § 32.21(a)(1)(A)(I), (a)(1)(C), (b), (c); *see also id.* § 32.21(e)(l), (e)(2), (e)(3).

35. Although not the exact words of the statute, the language used in the indictment, "government instrument," conveyed the same meaning as the statutory words. *See Maedgen v. State*, 104 S.W.2d 518, 520 (Tex. Crim. App. 1937) (holding if words not in statute are substituted for those which are, instrument is sufficient if words so substituted are equivalent to those used in the statute); *see also Adegbenro v. State*, 36 S.W.3d 658, 660 (Tex. App. - Houston [1st Dist.] 2001, pet. ref'd) (holding language used in indictment for commercial bribery conveyed same meaning as statutory words, despite difference in the language).

36. A fact finder could rationally have found beyond a reasonable doubt that a Texas driver's license is a "government instrument" as it is clearly listed in the Texas Penal Code and that the evidence supported a felony forgery conviction.

37. A challenge to the form or substance of an indictment is deemed waived unless the applicant demonstrates that a pretrial objection was made, even if the defect is fundamental. *Ex parte Gibson*, 800 S.W.2d 548, 549 and 551 (Tex. Crim. App. 2001).

38. If a criminal defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2009); *see also Studer v. Store*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990).

(Docket Entry No. 18-19, pp. 7-13).

Skinner's claims are analyzed against the applicable legal standards.

## IV. The Claim as to the Voluntariness of the Guilty Plea (Ground 1)

Skinner claims that his guilty plea was involuntary because he entered the plea in the wrong cause number. Skinner pleaded guilty to forgery in Cause Number 1241923 and obtained the

dismissal of Cause Number 1277483.  The plea agreement provided that Skinner would plead guilty in Cause Number 1277483 in exchange for the dismissal of Cause Number 1241923.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent.  *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985).  A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt.  *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976).  The critical issue is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."  *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992).  If the record shows that the defendant "understood the charge and its consequences," the court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense.  *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

By initialing and signing the admonishments he received in open court when he appeared to plead guilty, Skinner verified that he received and understood the trial court's written admonishments and waived his right to have the trial court orally admonish him.  The statements Skinner verified included that he was mentally competent; that under the plea agreement, the State would recommend a three-year prison term; that he fully understood the consequences of the plea and had consulted with counsel; and that he freely and voluntarily entered his plea in open court, with his counsel's approval.  Skinner's signature indicates that he understood the nature of the charge against him and the consequences of his plea.

By signing and initially the documents and pleading guilty, Skinner made declarations entitled to significant weight. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). *See also United States v. Cothran,* 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

Skinner's court-appointed defense attorney, Martin, signed the plea agreement and a statement that he had fully discussed the plea and its consequences with Skinner and believed that Skinner had entered his plea knowingly and voluntarily. (Docket Entry No. 18-19, p. 18). The trial court determined that Skinner had entered his plea knowingly and voluntarily after discussing the case with his attorney. (Docket Entry No. 18-19, p. 18). The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court gives them evidentiary weight. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court found that when Skinner pleaded guilty, the State abandoned the enhancement paragraphs and the trial court imposed a three-year sentence. With the enhancement paragraphs, both the original cases carried a punishment range of 25 to 99 years or life. The state habeas court found that Martin had obtained a plea offer for Skinner for a 3-year sentence in one case with the enhancement paragraphs abandoned, and a dismissal of the second case. Skinner agreed and proceeded to plead guilty. The documents he signed and initialed in open court, and the affidavit of Martin, his trial counsel, led the state habeas court to find that Skinner's plea was knowing and voluntary. (Docket Entry No. 18-19, pp. 7-12).

Relying on the state habeas court's findings of fact, the Texas Court of Criminal Appeals also denied relief.  On habeas review, federal courts are bound by the state court's credibility judgments. *Hogue v. Johnson,* 131 F.3d 466, 505 (5th Cir. 1997).  This court must presume the state court's explicit and implicit findings of fact correct if they are supported by the record.  *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990).  The state-court record amply supports the explicit finding that Skinner's guilty plea was voluntarily made after consulting with counsel.  The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States.  Skinner's claim for habeas relief based on the involuntariness of his guilty plea lacks merit, and his claim for relief on this basis is denied.  28 U.S.C. § 2254(d)(1).

## V.     The Claim of Ineffective Assistance of Counsel (Ground 3)

Skinner claims that because his trial counsel mixed up the paperwork, he entered a guilty plea in Cause Number 1241923 and obtained the dismissal of forgery in Cause Number 1277483.  The plea agreement called for him to plead guilty in Cause Number 1277483 in exchange for the dismissal of Cause Number 1241923.  Skinner claims that this was ineffective assistance that made the guilty plea involuntary.

The issue is whether counsel's performance interfered with Skinner's ability to understand the nature of the charges against him and the consequences of his plea.  Once a guilty plea has been entered, nonjurisdictional defects in the proceedings are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.  *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984).  In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the test

in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.; Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice. There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, a court presumes that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In assessing prejudice, the court looks to whether there is reasonable probability that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

A.     **The Plea Agreement**

Skinner's plea agreement called for him to enter a plea of guilty to forgery in Cause Number 1277483 (social security card) in exchange for the dismissal of Cause Number 1241923. Instead,

he pleaded guilty in Cause Number 1241923 (driver's license) and obtained the dismissal of Cause Number 1277483. In his affidavit, Martin stated that he had discovered before the plea that Cause Number 1241923 was indicted as a forgery of an ". . . instrument issued by the United States. . . ," but the instrument in question was in fact a state government-issued driver's license. (Docket Entry No. 18-19, p. 2). The second case, Cause Number 1277483, was indicted correctly as a forgery of an ". . . instrument issued by the United States. . . ," because the instrument in question was a federal government-issued social security card. *Id.* Martin suggested to Skinner that he try to get a dismissal of Cause Number 1241923 (the state driver's license), because the State could not "make that case as pled." *Id.* at 3. After extensive negotiations, Martin "received an offer of dismissal on one case, plus a three year confinement on the other. This meant that the State agreed to abandon both of the enhancement paragraphs," which meant that Skinner would not be treated as a habitual offender. *Id.*

After talking to Martin and going over the options and consequences, Skinner decided to plead guilty. It was not until the habeas petition was filed that Martin:

> discovered that the paperwork in the plea bargain and the dismissal had been mixed up." And as it stands, the case that was negotiated and agreed to be dismissed was the one that Mr. Norris [sic] pled to. The results are essentially the same. Mr. Norris [sic] still received the same plea bargain: both enhancement paragraphs were abandoned; he received three years confinement on one case and dismissal on the second case.

*Id.*

Based on Martin's affidavit and the record of Skinner's plea, the state habeas court found that after the habeas petition was filed, Martin learned that the case that was negotiated and agreed to be dismissed was the case that Skinner pleaded guilty to, while the case that was dismissed was the case

he agreed to plead to.  But the state habeas court found that Skinner "essentially received the same plea bargain" he agreed to: "both enhancement paragraphs abandoned . . . three (3) years confinement on one case, and dismissal on the second case."  As a result, Skinner failed to show that had the paperwork not been switched, the results would have been materially different.  He failed to show that Martin's conduct fell below an objective standard of reasonableness and failed to show prejudice.  (Docket Entry No. 18-19, pp. 7-12).

This court must give the state court's factual findings a presumption of correctness, which Skinner has failed to rebut.  28 U.S.C. § 2254(d)(2).  Counsel reviewed the evidence with Skinner and discussed the advantages and disadvantages of each option available.  Based on his review of the evidence and his knowledge of the law, counsel determined that he could obtain a dismissal on Cause Number 1241923 (the state driver's license), because of how it was indicted.  Skinner and his counsel also discussed, and Skinner agreed, that part of the strategy included not filing a motion to quash, but negotiating for an outright dismissal.  On January 24, 2011, the State offered to dismiss one case and to recommend a three-year sentence on the other.  The State agreed to abandon both of the enhancement paragraphs that would have made Skinner an habitual offender.  Counsel conveyed this offer to Skinner and after discussing the options and consequences of these options, Skinner decided to plead guilty.  These were well-informed strategic decisions, not to be second-guessed.

In determining whether the plea bargain was violated, the court considers whether the State's actions are consistent with Skinner's reasonable understanding of the plea agreement.  The mix-up in the paperwork did not change the exposure Skinner faced and made no material difference to the outcome.  The enhancement paragraphs were abandoned, Skinner avoided habitual offender status,

and he received a dismissal in one case, and a three-year sentence on the other.  Skinner got the benefits he bargained for.  The actions of the State and counsel are consistent with Skinner's reasonable understanding of the plea agreement.

Skinner argues that the state court erred in accepting Martin's affidavit without holding a live evidentiary hearing. (Docket Entry No. 4, Petitioner's Memorandum, p. 2).  This argument provides no basis for relief.  *See Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir. 1987) (holding that because there is no constitutional right to state postconviction review, irregularities during such a review do not provide a basis for federal habeas relief); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) (noting that an attack on a state habeas proceeding does not entitle a petitioner to federal habeas relief, as it is an attack on a proceeding collateral to the conviction and not the conviction itself).  Second, the fact that the state court dismissed the habeas petition on the basis of the record, without an evidentiary hearing, does not in itself disturb the presumption of correctness under § 2254(d).  Rather, "it is necessary to examine in each case whether a paper hearing is appropriate to the resolution of the factual disputes underlying the petitioner's claim."  *May*, 955 F.2d at 312; *Morrow v. Dretke*, 367 F.3d 309 (5th Cir. 2004).  The Fifth Circuit has consistently recognized that a state habeas court need not hold an evidentiary hearing.  *See May v. Collins,* 955 F.2d 299, 309-15 (5th Cir. 1992); *see also Sawyers v. Collins,* 986 F.2d 1493, 1504-05 (5th Cir. 1993) (affording the presumption of correctness to fact findings made on the basis of affidavits); *Carter v. Collins,* 918 F.2d 1198, 1202 (5th Cir. 1990) (same); *Buxton v. Lynaugh*, 879 F.2d 140, 143-47 (5th Cir. 1989) (same).  In many of these cases, as here, the state habeas judge was the same judge who had presided at the trial or guilty plea.  *See, e.g., May,* 955 F.2d at 314; *Buxton,* 879 F.2d at 146.  The AEDPA requires that the federal court presume correct the state court's findings of fact

unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The presumption may apply even if the hearing was on the papers rather than a live evidentiary hearing. *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001), *cert. denied*, 537 U.S. 883 (2002).

The record in this case shows no need for a live as opposed to a paper hearing. The facts were adequately developed to permit the state habeas court to resolve Skinner's claims on the basis of the record, without an evidentiary hearing. There is no basis to conclude that the state habeas court's fact findings should not be presumed correct. Skinner has not satisfied his burden of rebutting these findings with clear and convincing evidence. 28 U.S.C. § 2254(d)(2).

The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

## B.    The Claim of Prejudice

Skinner has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleged in counsel's performance. Skinner has failed to show that there was a reasonable probability that, but for counsel's alleged unprofessional errors, Skinner would not have entered a guilty plea. Skinner received a three-year prison term when he pleaded guilty. Skinner has not shown that had he known what case he was pleading to and which case was being dismissed, he would have refused to enter the plea and instead insisted on a trial. Such a decision would have exposed him to a prison sentence ranging from 25 to 99 years. The jury would have learned about Skinner's criminal history, including convictions for theft and unauthorized use of a motor vehicle. (Docket Entry No. 18-19, p. 26). Instead, the plea included the State's agreement to abandon the two enhancement paragraphs,

ensuring that Skinner would not be sentenced as an habitual offender, and to recommend a three-year sentence.

On habeas review, the state trial court found that Skinner had voluntarily entered his guilty plea. (Docket Entry No. 18-19, p. 12). The Texas Court of Criminal Appeals denied habeas relief. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Skinner's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## VI.    The Issues of Exhaustion and Procedural Default

Ordinarily, a state prisoner seeking federal habeas relief must first "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), giving those courts "the first opportunity to address and correct alleged violations of [the] prisoners federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). Exhaustion requires that the prisoner "have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997). "Determining whether a petitioner exhausted his claim in state court is a case- and fact-specific inquiry." *Moore v. Quarterman,* 533 F.3d 338, 341 (5th Cir. 2008) (en banc).

In Texas, a criminal defendant may challenge a conviction by a direct appeal followed by a petition for discretionary review in the Texas Court of Criminal Appeals, or by a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, followed by transmittal to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke,* 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by

pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

A federal court generally cannot review the merits of a state prisoner's habeas petition if the petitioner has failed to satisfy the procedural requirements for raising the merits. *See, e.g., Magwood v. Patterson,* —— U.S. ——, 130 S. Ct. 2788, 2801 (2010) ("If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review.").

A habeas claim can be procedurally defaulted in two ways. *Coleman v. Dretke,* 395 F.3d 216, 220 (5th Cir. 2004), *cert. denied,* 546 U.S. 938 (2005); *Bledsue v. Johnson,* 188 F.3d 250, 254 (5th Cir. 1999). The first way is by failing to exhaust available state remedies and the court to which the petitioner would be required to present his claims to meet the exhaustion requirement would now find the claims procedurally barred. *Williams v. Thaler,* 602 F.3d 291, 305 (5th Cir. 2010). When "it is obvious that the unexhausted claim would be procedurally barred in state court, [the court] will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steel v. Young,* 11 F.3d 1518, 1524 (10th Cir. 1993); *see also Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)).

The second way to procedurally default a habeas claim occurs when the claim is presented to the highest available state court but that court has dismissed the claim on an adequate and independent state-law procedural ground instead of deciding it on the merits. *See, e.g., Harris v. Reed,* 489 U.S. 255, 262 (1989). "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and

adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998).  The state procedural rule must be "both independent of the merits of the federal claim and an adequate basis for the court's decision."  *Finley v. Johnson,* 243 F.3d 215, 218 (5th Cir. 2001).  A state procedural rule is an adequate basis for the court's decision only if it is "strictly or regularly applied evenhandedly to the vast majority of similar claims."  *Amos v. Scott,* 61 F.3d 333, 339 (5th Cir.) (emphasis omitted), *cert. denied,* 516 U.S. 1005 (1995).

### A.    The Claim of Insufficiency of the Evidence (Ground 2)

Skinner relies on the mistake in his guilty-plea paperwork to argue that the evidence was insufficient to support his conviction.  Skinner pleaded guilty in Cause No. 1241923 to the indictment charging him with forging his Texas driver's license.  Skinner argues that the variance between the allegation in the indictment and the proof offered at trial was fatal and that the State produced no evidence to prove the allegation in the indictment.  The respondent argues that this claim is procedurally defaulted because Skinner did not raise it on direct appeal, and under Texas law, an insufficiency-of-the-evidence claim may be raised on direct appeal but not in a habeas proceeding.  (Docket Entry No. 21, Respondent's Motion for Summary Judgment, p. 19).

In *Ex parte Grigsby,* 137 S.W.3d 673 (Tex. Crim. App. 2004), the Texas Court of Criminal Appeals held:

> In our writ jurisprudence, it is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas. *Ex parte Williams,* 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *Ex parte Easter,* 615 S.W.2d 719, 721 (Tex. Crim. App. 1981).

As such, Applicant's first ground for relief is denied.  In denying Applicant's attack on the sufficiency of the evidence, we take this opportunity to clarify our disposition of habeas corpus applications where an applicant advances a challenge to the sufficiency of the evidence and we deny the application without written order.  In *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997), in addressing whether the applicant's subsequent petitions were barred under Article 11.07, Section 4, of the Texas Code of Criminal Procedure, we determined that "a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits." However, we also held that "[a] disposition is related to the merits if it decides the merits or makes a determination that the merits of the applicant's claims can never be decided." *Id.* (emphasis added).  A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim.  Therefore, today, we reaffirm our holding that where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable.

*Ex parte Grigsby*, 137 S.W.3d 673 (Tex. Crim. App. 2004).

The state habeas court rejected Skinner's argument, stating that "a habeas proceeding should not be used to litigate issues that should have been raised on direct appeal"; Skinner's allegation of insufficiency of the evidence, and his additional ground of trial court error, are "record claims" and should have been brought up on appeal; and such a challenge to the sufficiency of the evidence is not cognizable on habeas. (Docket Entry No. 18-19, p. 10). Like the state habeas court in *Grigsby*, the state habeas court in this case did not address the merits of Skinner's challenge to the sufficiency of the evidence. The state habeas claims were defaulted based on adequate and independent state grounds. The insufficiency-of-the-evidence claim is procedurally barred in federal court. *See, e.g., Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005).

To overcome the procedural bar, Skinner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87-91 (1977); *Ries v. Quarterman,* 522 F.3d 517, 523-24 (5th Cir. 2008). Skinner offers no arguments that would excuse the procedural default.

Skinner's challenge to the sufficiency of the evidence fails for the additional reason that his guilty plea waived challenges to nonjurisdictional defects in the prior proceedings except for challenges to involuntariness and ineffective assistance of counsel. *United States v. Daughenbaugh,* 549 F.3d 1010, 1012 (5th Cir. 2008) (quoting *United States v. Stevens,* 487 F.3d 232, 238 (5th Cir. 2007)). As long as counsel's "advice was within the range of competence demanded of attorneys in criminal cases," a guilty plea will be considered intelligent and not vulnerable to challenge. *See McMann,* 397 U.S. at 770–71. A defendant may assert an ineffective assistance claim after a guilty plea "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. Hollins,* 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002)). Because Skinner received effective assistance of counsel and entered a knowing and voluntary plea, he cannot demonstrate that the state court's decision rejecting this claim was contrary to or an unreasonable application of clearly established federal law. Skinner is not entitled to federal habeas corpus relief on this claim.

**B.      The Claim Based on the Invalidity of the Texas Driver's License**

The respondent argues that to the extent Skinner is challenging the validity of his Texas driver's license, this claim is procedurally barred. (Docket Entry No. 21, Respondent's Motion for Summary Judgment, pp. 5-6). Skinner failed to exhaust this claim, and the court to which Skinner

would be required to present his claims to meet the exhaustion requirement would now find the claims procedurally barred.  Skinner responds that he is not challenging the validity of his Texas driver's license.  (Docket Entry No. 27, Petitioner's Response, p. 2).  He moves to delete all challenges to the validity of the license.  (*Id.* at 2).  Skinner's motion to amend his petition and memorandum in support of his federal petition, (Docket Entry No. 2), is granted.

## VII.    The Claim of a Void Indictment
(Ground 4)

Skinner asserts that the trial court lacked jurisdiction to convict due to the variance between the indictment and the evidence offered at trial.  He argues that jurisdiction vests only on the filing of a valid indictment in the appropriate court and that the variance between the indictment and the evidence made the indictment invalid.  Skinner contends that the trial court was without jurisdiction to convict him in Cause Number 1241923 because he had agreed to plead guilty to a different indictment.

The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction.  *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993).  A claim of insufficiency of the indictment provides a basis for federal habeas relief only when the indictment is so defective that under no circumstances could a valid state conviction result from proving the facts alleged.  *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).  Sufficiency is determined by looking to the law of the state that issued the indictment. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).  A 1985 amendment to the Texas Constitution states that the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause."  Tex. Const. art. V, § 12(b).  This amendment applies to all

indictments returned after September 1, 1985.  *Id.*  The Fifth Circuit has held that "due deference must be given to the state court's interpretation of the 1985 amendment, and that alleged defects in an indictment do not deprive the state trial courts of jurisdiction."  *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir.), *cert. denied,* 513 U.S. 854 (1994).

The grand jury for the 351st District Court of Harris County, Texas, returned the indictments against Skinner on January 22, 2010.  (Docket Entry No. 18-19, p. 26).  The 1985 amendment applies, and this court must give deference to the state court's interpretation of the 1985 amendment. This court concludes that the indictment did not deprive the state trial court of jurisdiction.

The state habeas court rejected Skinner's claim that the indictment he pleaded guilty to was invalid, depriving the state court of jurisdiction.  The state habeas court looked to Texas law and found  as follows:

> 34.  Section 32.21 together with Section 37.01 of the Texas Penal Code detail the offense of forgery of a Texas driver's license as a third degree felony.  *See* TEX. PENAL CODE ANN. § 32.21(e)(2); TEX. PENAL CODE ANN. § 37.01(2)(C)(3).  To prove a felony of the third degree, the State must not only show that the accused "with the intent to defraud or harm another . . . possess[ed] a writing [purporting] to be the act of another, and the other person did not authorize the act," but also show the writing is or purports to be: . . . (2) "a government record . . ."; or (3) "other instruments issued by a state or national government or by a subdivision of either. . . ."
>
> 35.  Although not the exact words of the statute, the language used in the indictment, "government instrument," conveyed the same meaning as the statutory words. . . .
>
> 36.  A fact finder could rationally have found beyond a reasonable doubt that a Texas driver's license is a "government instrument" as it is clearly listed in the Texas Penal Code and that the evidence supported a felony forgery conviction.

37. A challenge to the form or substance of an indictment is deemed waived unless the applicant demonstrates that a pretrial objection was made, even if the defect is fundamental. *Ex parte Gibson*, 800 S.W.2d 548, 549 and 551 (Tex. Crim. App. 2001).

38. If a criminal defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2009).

(Docket Entry No. 18-19, pp. 12-13).

The Texas Court of Criminal Appeals denied Skinner's habeas application without a written order, on findings of the trial court. By declining to grant relief, the Texas Court of Criminal Appeals "has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose." *McKay*, 12 F.3d at 68 (citing *Alexander v. McCotter*, 775 F.2d at 599). Skinner presented his defective-indictment claim to the highest state court. That court necessarily found that the trial court had jurisdiction over the case. *McKay*, 12 F.3d at 68. There is no basis for granting federal habeas relief on the ground that the indictment was insufficient under Texas law. *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.), *cert. denied*, 484 U.S. 838 (1987); *McKay v. Collins*, 12 F.3d at 69.

Skinner is not entitled to habeas relief on this claim.

## VIII.   The Claim Based on a Lack of Notice (Ground 5)

Skinner claims that he did not have time to prepare a defense in Cause Number 1241923 because he did not receive "notice" of the indictment. He claims a due process violation because he did not know the nature of the charge against him.

Skinner signed, agreeing to ". . . waive any further time to prepare for trial to which I or my attorney may be entitled." (Docket Entry No. 18-19, p. 18). He also placed his initials next to the paragraph stating, "I hereby give up and waive any right I may have to wait to prepare for trial." (Docket Entry No. 18-19, p. 21). By pleading guilty, Skinner waived nonjurisdictional defects in the proceedings. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (quoting *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)).

Skinner cannot demonstrate that the state court's decision rejecting this claim was contrary to or an unreasonable application of clearly established federal law. Skinner is not entitled to federal habeas corpus relief on this claim.

## IX.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 21), is granted. Skinner's petition for a writ of habeas corpus is denied. This case is dismissed. Skinner's motion to amend petition and memorandum, (Docket Entry No. 27), is granted. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). A court will grant a certificate only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The question is the debatability of the underlying

constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 325

(2003). Skinner has not made the necessary showing for the grant of a certificate of appealability.

SIGNED on February 10, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge